# EXHIBIT 1

*Section 303F.*  Whoever sells or delivers fuel oil in quantities of ten gallons or over for heating or cooking purposes shall cause a certificate or memorandum to be issued and delivered to the purchaser or his agent at the time of delivery of such oil.  Such certificate or memorandum shall include the names and addresses of the seller and of the purchaser, which shall be recorded on the certificate or memorandum prior to delivery of the fuel oil and a statement of the quantity of oil delivered, in terms of gallons and fractions thereof, if any, and the price per gallon.

Said certificate or memorandum shall be serially numbered for the purpose of identification.  The director or inspector of standards, sealer or deputy sealer, inspector or deputy inspector of weights and measures may, at the time of delivery of fuel oil, inspect or examine any such certificates or memoranda then in the actual possession of the person making the delivery.

Whoever alters or substitutes a certificate or memorandum for fraudulent purpose or violates any provision of this section shall be punished for the first offense by a fine of fifty dollars, for the second offense by a fine of two hundred dollars, and for each subsequent offense by a fine of fifty dollars and by imprisonment for not less than one nor more than three months.                    *Approved March 27, 1967.*

**Chap. 93.**  An Act further regulating the operation of motorcycles.

*Be it enacted, etc., as follows:*

· Section 13 of chapter 90 of the General Laws is hereby amended by adding at the end the following sentence: — Whoever operates a motorcycle on the ways of the commonwealth shall ride only upon the permanent and regular seat attached thereto, and he shall not carry any other person, nor allow any other person to ride, on such motorcycle unless it is designed to carry more than one person, in which case a passenger may ride upon the permanent and regular seat if such seat is designed for two persons, or upon another seat which is intended for a passenger and is firmly attached to the motorcycle to the rear of the operator if proper foot rests are provided for the passenger's use, or upon a seat which is intended for a passenger and is firmly attached to the motorcycle in a side car.                    *Approved March 27, 1967.*

**Chap. 94.**  An Act authorizing the formation of a vocational regional school district by the city of Lowell and the towns of Dracut, Dunstable, Tyngsborough and Pepperell.

*Be it enacted, etc., as follows:*

Section 1.  The city of Lowell, by vote of its city council, and each of the towns of Dracut, Dunstable, Tyngsborough and Pepperell, by vote in a town meeting, may create a special unpaid committee to be known as a vocational regional school district planning committee, to consist of three members from each such municipality, one of whom shall be a member of the school committee, to be appointed by the mayor or the moderator as the case may be.  Each of said municipalities may ap-

propriate at any time for the expenses of said committee such sum or
sums, not exceeding one tenth of one per cent of the assessed valuation
of such municipality in the preceding year, as it may deem necessary.
Any vacancy in the membership of a vocational regional school district
planning committee acting under this act may be filled by the mayor
or moderator as the case may be.   The vocational regional school district
planning committees from any two or more of said municipalities may
join together to form a vocational regional school district planning board.
Such vocational regional school district planning board shall organize
forthwith upon its formation by the election of a chairman and a secre-
tary treasurer.   The proceedings taken by the city of Lowell and the
towns of Dracut, Dunstable, Pepperell and Tyngsborough, whereby
said municipalities purported to create committees for the purpose of
planning a vocational regional school district, and the proceedings here-
tofore taken by such committees either separately or together as a
planning board are ratified and confirmed in all respects, and for all the
purposes of this act said committees and said board shall be deemed to
be the committees and the board whose creation and organization are
authorized by this section.

Section 2.   It shall be the duty of the vocational regional school dis-
trict planning board to study the advisability of establishing a vocational
regional school district, hereinafter called the regional school district or
the district, its organization, operation and control, and of constructing,
maintaining and operating a vocational-technical school or schools to
serve the needs of such district; to estimate the construction and op-
erating costs thereof; to investigate the methods of financing such
vocational-technical school or schools, and any other matters pertaining
to the organization and operation of a regional school district; and to
submit a report of its findings and recommendations to the city council
of said city and, at the same time or at a later time or times, to the
selectmen of each of said towns.

Section 3.   The said vocational regional school district planning board
may recommend that there shall be established a vocational regional
school district which may include all the municipalities represented by
its membership, or any specified combination of such municipalities,
including at least said city and two of said towns.   If the said vocational
regional school district planning board so recommends, it shall submit a
proposed agreement setting forth the following: —

(a)  The number, composition, method of selection and terms of office
of the members of the regional district school committee.

(b)  The municipality or municipalities in which, or the general area
within the regional school district where, the regional district school or
schools are to be located.

(c)  The method of apportioning the expenses of the regional school
district, and the method of apportioning the costs of school construc-
tion, including any interest and retirement of principal of any bonds or
other obligations issued by the district among the several municipalities
comprising the district, and the time and manner of payment of the
shares of said municipalities of any such expense.

(d)  The method by which school transportation shall be provided.

(e)  The terms by which any municipality may be admitted to or
separated from the regional school district.

(f)  The method by which the agreement may be amended.

Case 1:14-cv-12664-IT   Document 1-3   Filed 06/26/14   Page 4 of 8

(g) The detailed procedure for the preparation and adoption of an annual budget.

(h) Any other matters, not incompatible with law, which the said board may deem advisable.

Copies of such agreement shall be submitted to the emergency finance board, established under section one of chapter forty-nine of the acts of nineteen hundred and thirty-three, and the department of education, and, subject to their approval, to the several municipalities which are recommended to be included in the district, for their acceptance.

The type of regional district school or schools shall be a vocational high school or schools consisting of grades nine through twelve, inclusive, which may include all phases of vocational education as prescribed in chapter seventy-four of the General Laws. The regional district school committee may also establish and maintain extended courses of instruction beyond the secondary level in accordance with the provisions of section thirty-seven A of said chapter seventy-four of the General Laws. When the district has been organized and its school or schools are available for use, no city or town belonging to the district and no other regional school district of which such city or town is a member shall offer vocational education except with the approval of the commissioner of education.

SECTION 4. The agreement made under section three, or any amendment to such an agreement, may contain provisions authorizing any member municipality to sell, lease or grant a license to use any school building and any land appurtenant thereto or used in connection therewith to the regional school district, and any such municipality may authorize such sale, lease or license accordingly, notwithstanding the provisions of section three of chapter forty of the General Laws or any other provisions of law to the contrary. In case of a sale, the price and time or times of payment and the method by which the municipalities other than the selling municipality shall be assessed for such payment shall be set forth in the agreement or amendment; but in no case shall payments be made which shall extend over a period in excess of twenty years. In the case of a lease or license to use, the rental or license fee and terms of payment and assessment shall be set forth in the agreement or amendment. The lease or license to use may be for a term or period not in excess of twenty years, and may contain provisions for the extension of the lease or license to use for an additional term or period not in excess of twenty years, at the option of the regional district school committee.

SECTION 5. Upon receipt by the city council of the city of Lowell of a recommendation that a regional school district be established, and of a proposed agreement therefor submitted in accordance with the provisions of sections one to three, inclusive, of this act, said city council shall direct the city clerk to cause the question of accepting the provisions of this act to be placed on the ballot to be used at the next state election or at the next regular city election after such receipt, whichever occurs first, or at an earlier special city election called by the city council for this purpose. The proceedings in any such special election shall be the same, so far as applicable, as in regular elections of city officers. The question shall be submitted in substantially the form hereinafter set forth. Not more than sixty days after receipt by the selectmen of any town of a recommendation that a regional school district be estab-

Case 1:14-cv-12664-IT   Document 1-3   Filed 06/26/14   Page 5 of 8

lished and of a proposed agreement therefor submitted in accordance with the provisions of sections one to three, said selectmen shall cause to be presented for determination by vote, with printed ballots at an annual town meeting or a special town meeting called for the purpose, the question of accepting the provisions of this act, which question shall be in substantially the following form: — "Shall the city (town) accept the provisions of an act passed by the General Court in the year nineteen hundred and sixty-seven, providing for the establishment of a regional school district by the city of Lowell and the towns of (such towns as may be recommended under section three of this act) and the construction, maintenance and operation of a vocational regional school by the said district in accordance with the provisions of a proposed agreement filed with the city council of said city and the selectmen of said towns?"  If a majority of the voters present and voting in said city and a majority of the voters present and voting in at least two of said towns shall vote in the affirmative, this act shall become fully effective, and the proposed regional school district, comprising the said city and the towns which accepted this act as herein provided, shall be deemed to be established forthwith in accordance with the terms of the agreement so adopted notwithstanding any defect or omission in the creation or organization of any vocational regional school district planning committee or vocational regional school district planning board.

Section 6.  The regional school district established under the provisions of section five shall be a body politic and corporate with all the powers and duties conferred by law upon school committees, and with the following additional powers and duties: —

(a)  To adopt a name and a corporate seal, and the engraved or printed facsimile of such seal on a bond or note of the district shall have the same validity and effect as though such seal were impressed thereon.

(b)  To sue and be sued, but only to the same extent and upon the same conditions that a city or town may sue or be sued.

(c)  To acquire property within the municipalities comprising the district under the provisions of chapter seventy-nine and section fourteen of chapter forty of the General Laws, for the purposes of the district, and to construct, reconstruct, add to, remodel, make extraordinary repairs to, equip, organize and operate a school or schools for the benefit of the municipalities comprising the district, and to make any necessary contracts in relation thereto.

(d)  To incur debt for the purpose of acquiring land and constructing reconstructing, adding to, and equipping a school building or buildings for a term not exceeding twenty years or for the purpose of remodeling and making extraordinary repairs to a school building or buildings for the construction of sewerage systems and sewerage treatment and disposal facilities, or for the purchase or use of such systems with municipalities, for a term not exceeding ten years; provided, however, that any indebtedness so incurred shall not exceed an amount approved by the emergency finance board;  and provided, further, that written notice of the amount of the debt and of the general purposes for which it was authorized shall be given to the city council of said city and to the board of selectmen in each of the member towns comprising the district not later than seven days after the date on which said debt was authorized by the district committee;  and no debt may be incurred until the expiration of thirty days from the date said debt was autho-

rized by the district committee. If, prior to the expiration of said period, the city council of said city expresses disapproval of the amount authorized by the district committee, or any member town expresses such disapproval by vote of a majority of the voters present and voting on the matter at a town meeting called for the purpose of expressing such disapproval, the said debt shall not be incurred and the district school committee shall prepare another proposal which may be the same as any prior proposal and an authorization to incur debt therefor.

(e) To issue bonds and notes in the name and upon the full faith and credit of said district; said bonds or notes shall be signed by the chairman and treasurer of the district committee, except that said chairman by a writing bearing his written signature and filed in the office of said treasurer, which writing shall be open to public inspection, may authorize said treasurer to cause to be engraved or printed on said bonds or notes a facsimile of said chairman's signature, and such facsimile so engraved or printed shall have the same validity and effect as said chairman's written signature, and each issue of bonds or notes shall be a separate loan.

(f) To receive and disburse funds for any district purpose.

(g) To incur temporary debt in anticipation of revenue to be received from member municipalities.

(h) To assess member municipalities for any expenses of the district.

(i) To receive any grants or gifts for the purposes of the regional district school or schools.

(j) To engage legal counsel.

(k) To submit an annual report to each of the member municipalities, containing a detailed financial statement, and a statement showing the method by which annual charges assessed against each municipality were computed, together with such additional information relating to the operation and maintenance of such school or schools as may be deemed necessary by the district school committee or by the city council of said city or by the selectmen of any member town.

(l) To employ an administrator who meets the qualifications for a director of a state aided vocational school as established by the division of vocational education of the department of education, and said administrator shall have all the powers and duties imposed upon school superintendents by law.

(m) To adopt an annual operating and maintenance budget, not later than December first.

SECTION 7. The powers, duties and liabilities of the regional school district shall be vested in and exercised by a regional district school committee organized in accordance with the agreement. The committee shall choose a chairman and a vice chairman by ballot from its membership. The vice chairman shall, in the absence of the chairman, exercise the powers and perform the duties of said chairman. It shall appoint a secretary and a treasurer who may be the same person, but who need not be members of said committee. The treasurer shall receive and take charge of all money belonging to the district, and shall pay any bill of the district which shall have been approved by the committee. The committee may appoint an assistant treasurer who need not be a member of the committee, and who shall, in the absence of the treasurer, perform his duties and shall have the powers and be subject to the requirements and penalties applicable to him. The treasurer and assistant

treasurer may, by vote of said committee, be compensated for their services. The treasurer and assistant treasurer of said district shall be subject to the provisions of sections thirty-five, fifty-two and one hundred and nine A of chapter forty-one of the General Laws, to the extent applicable.

SECTION 8. The regional district school committee shall annually determine the amounts necessary to be raised to maintain and operate the district school or schools during the ensuing calendar year, and the amounts required for payment of debt and interest incurred by the district which will be due in the said year, and shall apportion the amount so determined among the several municipalities in accordance with the terms of the agreement. The amounts so apportioned for each municipality shall, prior to December thirty-first in each year, be certified by the regional district treasurer to the treasurers of the several municipalities. Each municipality shall appropriate the amounts so certified, and in case any such municipality fails to pay over to the treasurer of said district the amount of its apportionment within the time specified in said agreement for such payment, the district school committee shall invoke the provisions of section thirty-four of chapter seventy-one of the General Laws. The city or town treasurer, as the case may be, shall pay the amount so appropriated or any amount ordered to be raised by court decree to said district at the time or times specified in the agreement.

SECTION 9. The regional school district shall be subject to all laws pertaining to school transportation; and when the agreement provides for the furnishing of transportation by the regional school district, the commonwealth shall reimburse such district to the full extent of the amounts expended for such transportation, except that no such reimbursement shall be made for transportation of any pupil who resides less than one and one half miles, measured by a commonly traveled route, from the district school which he attends. The state treasurer shall annually, on or before November twentieth, pay to the regional school district from the Local Aid Fund, subject to appropriation, the sums required for such reimbursement and approved by the commissioner of education. There shall be allocated from the Local Aid Fund such sums as said commissioner shall certify as necessary for the payment of such reimbursement.

SECTION 10. Each municipality comprising the regional school district shall be entitled to receive state aid for educational purposes as provided by law; and such regional school district shall be entitled to receive state aid for construction of regional schools.

SECTION 11. The director of accounts in the department of corporations and taxation shall annually cause an audit to be made of the accounts of the regional district school committee, and for this purpose he, and his duly accredited agents, shall have access to all necessary papers, books and records. Upon the completion of each audit, a report thereon shall be made to the chairman of the district committee, and a copy thereof shall be sent to the mayor of said city and to the chairman of the board of selectmen of each town and the chairman of the school committee of each municipality which is a member of the district. The director shall apportion the cost among the several municipalities which are members of the district on the basis provided by section three, and submit the amounts of each apportionment to the state treasurer, who

shall issue his warrant requiring the assessors of the municipalities which are members of the district to assess a tax to the amount of the expense, and such amounts shall be collected and paid to the state treasurer as provided by section twenty of chapter fifty-nine of the General Laws.

Section 12.  No municipality in the regional school district shall be liable for any obligation imposed on any other municipality in said district by authority of this act, or of any agreement thereunder, any other provision of law to the contrary notwithstanding.

Section 13.  The members of the aforesaid emergency finance board when acting under this act shall receive from the commonwealth compensation to the same extent as provided under section eighty-seven of chapter eight hundred and one of the acts of nineteen hundred and sixty-three.

Section 14.  The provisions of sections sixteen to twenty-eight, inclusive, of chapter forty-four of the General Laws, so far as pertinent, apply to the regional school district, but the provisions of said section sixteen relating to the countersigning of bonds and notes and the provisions of section twenty-four of said chapter forty-four relating to the countersigning and approval of notes and the certificates of the clerk relating thereto shall not apply to said district.

Section 15.  Chapter three hundred and fifty-nine of the acts of nineteen hundred and sixty-five is hereby repealed.

Section 16.  This act shall take effect upon its passage.
*Approved March 29, 1967.*

---

**Chap. 95.**   An Act further regulating the hours of employment of certain females in hospitals.

*Be it enacted, etc., as follows:*

Section 66 of chapter 149 of the General Laws, as appearing in chapter 60 of the acts of 1962, is hereby amended by adding after the word "evening", in line 14, the following: — , nor prohibit the employment in hospitals of any female of eighteen years of age or over on any shift which commences earlier than eleven o'clock in the evening or terminates later than six o'clock in the morning.     *Approved March 29, 1967.*

---

**Chap. 96.**   An Act providing for reinstatement of persons within five years after abolition of a position under the civil service law.

*Be it enacted, etc., as follows:*

Section 46G of chapter 31 of the General Laws, as amended by section 2 of chapter 170 of the acts of 1949, is hereby further amended by striking out the first sentence and inserting in place thereof the following sentence: — If the separation from service of persons in the official or labor service results from lack of work or lack of money or from abolition of positions, they shall be separated from service by class and grade, except as hereinafter provided, and be reinstated therein in the same department and in the same position or in a similar position as that formerly held by them, according to their seniority in the service, so that the senior officers or employees in length of service shall be retained the