**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

C.A. No. 1:14-CV-12664-IT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CITY OF LOWELL,                               \*
          Plaintiff                           \*
                                              \*
vs.                                           \*
                                              \*
GREATER LOWELL TECHNICAL HIGH                 \*
SCHOOL et al                                  \*
          Defendants                          \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AMENDED ANSWER OF DEFENDANT. TOWN OF DRACUT

The Defendant denies that the Plaintiff is entitled to relief and answers as follows:

1.      The Defendant denies the allegations contained in Paragraph No. 1.

2.      The Defendant admits the allegations contained in Paragraph No. 2.

3.      The Defendant admits to the allegations contained in Paragraph No. 3.

4.      The Defendant denies the allegations contained in Paragraph No. 4.

5.      The Defendant admits the allegations contained in Paragraph No. 5.

6.      The Defendant admits the allegations contained in Paragraph No. 6.

7.      The Defendant admits the allegations contained in Paragraph 7.

8.      The Defendant admits the allegations contained in Paragraph No. 8.

9.      The Defendant admits the allegations as written in Paragraph No. 9.

10.     The Defendant admits the allegations contained in Paragraph No. 10.

11.     The Defendant admits the allegations contained in Paragraph No. 11.

12.     The Defendant admits the allegations contained in Paragraph No. 12.

13.     The Defendant admits the allegations contained in Paragraph No. 13.

14.     The Defendant admits the allegations contained in Paragraph No. 14.

15.   The Defendant admits the allegations contained in Paragraph No. 15.

16.   The Defendant denies the allegations contained in Paragraph No. 16 as written and calls upon Plaintiff to prove same.

17.   The Defendant admits the allegations contained in Paragraph No. 17.

18.   The Defendant denies the allegations contained in Paragraph No. 18 as written and calls upon Plaintiff to prove same.

19.   The Defendant admits the allegations contained in Paragraph No. 19.

20.   The Defendant admits to the allegations contained in Paragraph No. 20.

21.   The Defendant admits to the allegations contained in Paragraph No. 21.

22.   The Defendant denies the allegations contained in Paragraph No. 22 as written and calls upon Plaintiff to prove same.

23.   The Defendant does not believe an answer is called for in regard to Paragraph No. 23.

24.   The Defendant does not believe an answer is called for in regard to Paragraph No. 24.

25.   The Defendant does not believe an answer is called for in regard to Paragraph No. 25.

26.   The Defendant does not believe an answer is called for in regard to Paragraph No. 26.

27.   The Defendant does not believe an answer is called for in regard to Paragraph No. 27.

28.   The Defendant denies the allegations contained in Paragraph No. 28 as written and calls upon Plaintiff to prove same.

29.   The Defendant denies the allegations contained in Paragraph No. 29 as written and calls upon Plaintiff to prove same.

30.   The Defendant denies the allegations contained in Paragraph No. 30 as written and calls upon Plaintiff to prove same.

31.   The Defendant denies the allegations contained in Paragraph No. 31 as written and calls

upon Plaintiff to prove same.

32.     The Defendant denies the allegations contained in Paragraph No. 32 as written and calls upon Plaintiff to prove same.

33.     The Defendant denies the allegations contained in Paragraph No. 33 as written and calls upon Plaintiff to prove same.

34.     The Defendant denies the allegations contained in Paragraph No. 34 as written and calls upon Plaintiff to prove same.

35.     The Defendant denies the allegations contained in Paragraph No. 35 as written and calls upon Plaintiff to prove same.

36.     The Defendant denies the allegations contained in Paragraph No. 36 as written and calls upon Plaintiff to prove same.

37.     The Defendant denies the allegations contained in Paragraph No. 37 as written and calls upon Plaintiff to prove same.

38.     The Defendant denies the allegations in Paragraph No. 38 as written and calls upon Plaintiff to prove same.

39.     The Defendant does not presently have sufficient information to admit or deny the allegations contained in Paragraph No. 39.

40.     The Defendant does not presently have sufficient information to admit or deny the allegations contained in Paragraph No. 40.

41.     The Defendant does not presently have sufficient information to admit or deny the allegations contained in Paragraph No. 41.

42.     The Defendant admits the allegations contained in Paragraph No. 42.

43.     The Defendant admits the allegations contained in Paragraph No. 43.

44.     The Defendant denies the allegations contained in Paragraph No. 44 as written and calls upon Plaintiff to prove same.

45.     The Defendant does not presently have sufficient information to admit or deny the allegations contained in Paragraph No. *45*.

46.     The Defendant does not presently have sufficient information to admit or deny the allegations contained in Paragraph No. 46.

47.     The Defendant does not presently have sufficient information to admit or deny the allegations contained in Paragraph No. 41.

48.     The Defendant denies the allegations contained in Paragraph No. 42 as written and calls upon Plaintiff to prove same.

49.     The Defendant admits the allegations contained in Paragraph No. 43.

### COUNT ONE

50.     The Defendant incorporates its answers to Paragraph 1-49 of the Complaint as if rewritten herein.

51.     The Defendant denies the allegations contained in Paragraph No. 51 as written and calls upon Plaintiff to prove same.

52.     The Defendant denies the allegations contained in Paragraph No. 52 as written and calls upon Plaintiff to prove same.

53.     The Defendant denies the allegations contained in Paragraph No. 53 as written and calls upon Plaintiff to prove same.

54.     The Defendant denies the allegations contained in Paragraph No. 54 as written and calls upon Plaintiff to prove same.

55.     The Defendant denies the allegations contained in Paragraph No. 55 as written and calls

upon Plaintiff to prove same.

## COUNT TWO

56.     The Defendant incorporates its answers to Paragraph 1-55 of the Complaint as if rewritten herein.

57.     The Defendant denies the allegations contained in Paragraph No. 56 as written and calls upon Plaintiff to prove same as related to this matter.

58.     The Defendant does not believe an answer is necessary to the allegations within Paragraph No. 58 as the Declaration of Rights speaks for itself.

59.     The Defendant denies the allegations contained in Paragraph No. 59 and calls upon Plaintiff to prove same.

60.     The Defendant denies the allegations contained in Paragraph No. 60 and calls upon Plaintiff to prove same.

## COUNT THREE

61.     The Defendant incorporates its answers to Paragraph 1-60 of the Complaint as if rewritten herein.

62.     The Defendant denies the allegations contained in Paragraph No. 62 and calls upon Plaintiff to prove same.

63.     The Defendant denies the allegations contained in Paragraph No. 63 and calls upon Plaintiff to prove same.

## AFFIRMATIVE DEFENSES

1.      The Plaintiff's complaint fails to state a claim upon which relief can be granted;

2.      The Plaintiff's complaint is barred by the Doctrines of Consent, Acquiescence, and Waiver;

3.      Plaintiff's claims are barred by its failure to mitigate damages.

.

4.      The Plaintiff, by its actions and inactions, is estopped from asserting any claim against the Defendants.

### DEFENDANT REQUESTS A JURY TRIAL ON ALL COUNTS

Wherefore, the Defendant denies that the Plaintiff is entitled to judgment in any form or amount and prays that this Honorable Court:
a) Dismiss the Plaintiffs Complaint with prejudice and award Defendant reasonable costs and Attorneys' fees at the normal and customary rate.
b) Enter Judgment in favor of the Defendant on all Counts contained herein.
c) Order the Plaintiff to pay to the Defendant its reasonable costs and attorneys' fees in connection herewith.
d) If the Court finds that the present manner of seating members to the board is violative of the law, Order that members be appointed by locally elected officials; and
e) Grant such other relief as this Honorable Court deems equitable and just.

### COUNTERCLAIMS OF DRACUT

1.      M.G.L.c. 71, Sec. 1 4E permits the establishment of regional school committees through one of five options.

2.      On May 11, 1967 the Greater Lowell Technical High School was established through an agreement.

3.      This establishing agreement created a seating mechanisms that appropriately balanced the power between the different sizes of the populaces of the different municipalities who formed the agreement.

4.      Lowell, Dracut, Tyngsborough, and Dunstable are the present member municipalities of the Greater Lowell Technical High School school district.

5.       Now, the City of Lowell proposes to replace the present mode of electing representatives to the school committee for the Greater Lowell Technical High School that dismisses various other appropriate alternatives to their election or appointment to the Board.

6.      The appointment of committee members by Town officials is Dracut's choice that does not violate the law, and retains the status quo on the agreement.

7.      The option which the City of Lowell proposes unilaterally seeks to alter the balance of power on the school board by taking a position, contrary to balancing principles which were a key element of the establishment of the School District, where voters in Lowell will be able to elect all members to" the board of the Greater Lowell Technical High School.

8.      If the current electoral scheme is not constitutional as Lowell pleads, the City of Lowell

should agree to one of the other seating mechanisms which respects the founding principles or they are in breach of the agreement.

9.     The Defendant-in-Counterclaim, breached the agreement by the parties by failing to accept the other available seating mechanisms within the agreement, amongst other actions.

10.    Because of Lowell's actions or inactions, Plaintiff-in-Counterclaim is damaged or will be damaged and harmed and was obliged to expend additional time and/or monies, amongst other things.

## RELIEF

WHEREFORE the Plaintiff-in-Counterclaim respectfully prays that this Court:

1.     If the Court believes the current seating system is violative of the law, order the parties to seat members by appointment by locally elected officials;

2. Award damages to the Plaintiff-in-Counterclaim;

3. Award the Plaintiff-in-Counterclaim the costs of this action together with their attorneys' fees; and

4. Retain jurisdiction of this action and grant Plaintiff-in-Counterclaim any further relief which may, in the discretion of this Court, be necessary, just, and equitable.

**THE PLAINTIFF-IN-COUNTERCLAIM DEMANDS A TRIAL BY JURY ON ALL COUNTERCLAIMS, CLAIMS AND OTHER ISSUES TRIABLE TO A JURY.**

Respectfully submitted,
Defendant, Town of Dracut


Dated: August 5, 2014                    /s/ Raymond T. Weicker_____
                                          Raymond T. Weicker, Esq. (# 662160)
                                          QUA, HALL, HARVEY & WALSH
                                          25 Fletcher Street
                                          Chelmsford, MA 01824
                                          Tel. (978) 250-4255 / Fax (978) 244-1452


## CERTIFICATE OF SERVICE

I, Raymond T. Weicker, Attorney for Defendant, Town of Dracut, hereby certify that I have this day filed through the Electronic Case Filing System for filing and electronic service to the registered participants as identified on the Notice of Electronic Filing on August 5, 2014.

                                          /s/ Raymond T. Weicker_____
                                          Raymond T. Weicker, Esq.