UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 1:14-CV-12664-IT

| | |
|---|---|
| CITY OF LOWELL,<br>     Plaintiff | )<br>)<br>) |
| V. | )<br>)<br>) |
| GREATER LOWELL TECHNICAL HIGH SCHOOL, TOWN OF DRACUT, TOWN OF TYNGSBOROUGH, AND TOWN OF DUNSTABLE,<br>     Defendants | )<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF/DEFENDANT IN COUNTERCLAIM, CITY OF LOWELL'S ANSWER TO DEFENDANT, TOWN OF DRACUT'S, COUNTERCLAIM**

Plaintiff/Defendant-in-Counterclaim City of Lowell ("LOWELL") answers Defendant/Plaintiff-in- Counterclaim, Town of Dracut's ("DRACUT") Counterclaim as follows:

**COUNTERCLAIMS OF DRACUT**

1. Paragraph 1 is a statement of law requiring no answer.

2. Lowell admits the allegations set forth in Paragraph 2 of Dracut's counterclaim only to the extent that Chapter 94, Section 3(a) of the 1967 Acts of Massachusetts authorized the municipalities of Lowell, Dracut, Dunstable, Tyngsborough, and Pepperell to create a special regional vocational school district planning board for the purposes of establishing a regional vocational school district; and that this planning board, on May 11, 1967, established the Greater Lowell Technical High School ("GLTHS") by executing the Agreement with Respect to the Establishment of a Vocational Regional School District (the "Agreement"). Lowell denies any and all other allegations set forth in Paragraph 2 of Dracut's counterclaim.

3.  Lowell admits the allegations set forth in Paragraph 4 of Dracut's counterclaim only to the extent that the Agreement set the number of board members each municipality would have on the GLTHS School Committee on the basis of population; that the population of a municipality would be defined based on the federal census; that 15,000 residents would entitle a municipality to one representative; and that Lowell's representation on the GLTHS School Committee could only be equal to the total number of representatives of the other member municipalities, regardless of population. Lowell denies any and all other allegations set forth in Paragraph 3 of Dracut's counterclaim.

4.  Lowell admits the allegations set forth in Paragraph 4 of Dracut's counterclaim.

5.  Lowell denies the allegations set forth in Paragraph 5 of Dracut's counterclaim.

6.  Paragraph 6 of Dracut's counterclaim purports to set forth legal arguments for which no response is required by Lowell. To the extent that a further response is required, Lowell denies the allegations in Paragraph 6 of Dracut's counterclaim.

7.  Paragraph 7 of Dracut's counterclaim purports to set forth legal arguments for which no response is required by Lowell. To the extent that a further response is required, Lowell denies the allegations in Paragraph 7 of Dracut's counterclaim.

8.  Paragraph 8 of Dracut's counterclaim purports to set forth legal arguments for which no response is required by Lowell. To the extent that a further response is required, Lowell denies the allegations in Paragraph 8 of Dracut's counterclaim.

9.  Lowell denies the allegations set forth in Paragraph 9 of Dracut's counterclaim.

10. Lowell denies the allegations set forth in Paragraph 10 of Dracut's counterclaim.

WHEREFORE Plaintiff/Defendant-in-Counterclaim, City of Lowell requests that this Honorable Court dismiss with prejudice Dracut's counterclaim, deny Dracut's requests for relief,

enter judgment in favor of Lowell, and award Lowell such other and further relief as this Court deems meet and just.

### THE PLAINTIFF/DEFENDANT-IN-COUNTERCLAIM CITY OF LOWELL REQUESTS A TRIAL ON ALL CLAIMS, COUNTERCLAIMS, COUNTS, AND OTHER ISSUES TRIABLE BY JURY.

### FIRST AFFIRMATIVE DEFENSE

And further answering, Lowell says that Dracut has failed to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

And further answering, Lowell says that Dracut have not demonstrated a likelihood that they would prevail on the merits of the case at trial.

### THIRD AFFIRMATIVE DEFENSE

And further answering, the City says that permitting the appointment of GLTHS School Committee members under M.G.L. c.71, §14E would be contrary the principles of the Agreement, by preventing residents to directly elect the members of the school committee.

### FOURTH AFFIRMATIVE DEFENSE

And further answering, Lowell says that electing members to the GLTHS School Committee with residency requirements in district-wide elections to be held at the biennial state elections pursuant to M.G.L. c.71, §14E upholds the principles of the Agreement, by permitting residents to directly elect the members of the school committee.

### FIFTH AFFIRMATIVE DEFENSE

And further answering, Lowell says that the granting of Dracut's request for relief would adversely affect the public interest.

**SIXTH AFFIRMATIVE DEFENSE**

And further answering, Lowell says that at all times it has not acted in a unilateral manner, but in a proper manner to correct the unconstitutionality in the present electoral scheme for the GLTHS School Committee.

**SEVENTH AFFIRMATIVE DEFENSE**

And further answering, Lowell says that, in seeking to correct the constitutional issues present in the GLTHS School Committee current electoral scheme, it has acted in a reasonable manner.

**EIGHTH AFFIRMATIVE DEFENSE**

And further answering, Lowell says that it has not acted in a manner that is arbitrary, capricious, or an abuse of discretion.

**NINTH AFFIRMATIVE DEFENSE**

And further answering, Lowell says that its conduct is not in excess of its jurisdiction as permitted under Massachusetts state law.

**TENTH AFFIRMATIVE DEFENSE**

And further answering, Lowell says that Dracut's alleged damages, if any, are not ones for which Lowell is legally liable.

Date: August 25, 2014                                CITY OF LOWELL, PLAINTIFF/DEFENDANT
                                                     IN COUNTERCLAIM


                                                     /s Christine P. O'Connor
                                                     Christine P. O'Connor, City Solicitor
                                                     BBO # 567645
                                                     Elliott J. Veloso, Assistant City Solicitor
                                                     BBO # 677292
                                                     City of Lowell Law Department
                                                     375 Merrimack Street, 3rd Fl.
                                                     Lowell MA 01852-5909

Tel: 978-674-4050
Fax: 978-453-1510
co'connor@lowellma.gov
eveloso@lowellma.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document was filed through the Electronic Case Filing System for filing and electronic service to the registered participants as identified on the Notice of Electronic Filing on August 25, 2014.

I further certify that a copy of the foregoing document was served on counsel for Town of Dunstable, Richard Larkin, Esq., Bowmar & Larkin, 15 Washington Street, Ayer MA 01432, via first-class mail, on August 25, 2014.

/s Christine P. O'Connor
Christine P. O'Connor, City Solicitor