UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

C.A. NO.: 1:14-CV-12664-IT

| | |
|---|---|
| CITY OF LOWELL,<br>   Plaintiff,<br><br>V.<br><br>GREATER LOWELL TECHNICAL HIGH SCHOOL, TOWN OF DRACUT, TOWN OF TYNGSBOROUGH, and TOWN OF DUNSTABLE,<br>   Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER OF THE TOWN OF DUNSTABLE

The Town of Dunstable answers the Complaint as follows:

### NATURE OF THE CASE

1.    Defendant neither admits nor denies the allegations of Paragraph 1, but calls upon Plaintiff to prove the substantive allegations thereof.

### JURISDICTION AND VENUE

2.    No answer is required relative to the allegations of Paragraph 2.

3.    No answer is required.

4.    No answer is required.

### PARTIES

5.    Defendant admits the allegations of Paragraph 5.

6.    Admitted.

7.    Admitted.

8.   Admitted.

9.   Defendant admits the allegations of Paragraph 9, but states that students from other locations are also served.

## FACTS

10.  Admitted.

11.  Admitted.

12.  Admitted.

13.  Admitted.

14.  Admitted.

15.  Admitted.

16.  Defendant admits so much of Paragraph 16 as alleges that the Agreement limits Lowell's seats on the School Committee in all events to the total number of seats available to the other member municipalities that have accepted the provisions of Chapter 94 of the Acts of 1967.

17.  Admitted.

18.  Neither admitted nor denied.

19.  Neither admitted nor denied.

20.  Admitted.

21.  Defendant admits so much of Paragraph 21 as alleges that Tyngsborough and Dunstable are each entitled to one member seat on the School Committee.

22.  Defendant admits so much of Paragraph 22 as alleges that Lowell is permitted four member seats on the School Committee.

23.  No answer is required.

24.  No answer is required.

25.  No answer is required.

26. No answer is required.

27. No answer is required.

28. Denied.

29. Neither admitted nor denied.

30. Neither admitted nor denied.

31. Neither admitted nor denied.

32. Neither admitted nor denied.

33. Neither admitted nor denied.

34. Neither admitted nor denied.

35. Neither admitted nor denied.

36. Neither admitted nor denied.

37. Neither admitted nor denied.

38. Neither admitted nor denied.

39. Defendant lacks sufficient information to form an accurate response to the allegations of Paragraph 39.

40. Defendant lacks sufficient information to form an accurate response to the allegations of Paragraph 40.

41. Defendant lacks sufficient information to form an accurate response to the allegations of Paragraph 41.

42. No answer is required.

43. No answer is required.

44. Defendant lacks sufficient information to form an accurate response to the allegations of Paragraph 44.

45. Defendant lacks sufficient information to form an accurate response to the allegations of Paragraph 45.

46. Admitted.

47.  Defendant lacks sufficient information to form an accurate response to the allegations of Paragraph 47.

48.  Defendant admits that it has not taken additional formal action towards modification of the electoral apportionment scheme for the School Committee, but states that it has endeavored in good faith to confer and negotiate with its fellow members to reach a consensus agreement that would eliminate any present legal deficiencies that may exist in the present scheme, and continues to do so. Defendant lacks sufficient information to form an accurate response to the allegations of Paragraph 48 as regards the actions of other defendants

49.  Admitted.

## COUNT ONE

50.  Defendant reiterates its responses as set forth hereinabove in Paragraphs 1 through 49 of the Complaint.

51.  No answer is required.

52.  No answer is required.

53.  Neither admitted nor denied.

54.  Denied.

55.  Denied.

## COUNT TWO

56.  Defendant reiterates its responses as set forth hereinabove in Paragraphs 1 through 55 of the Complaint.

57.  No answer is required.

58.  No answer is required.

59.  Denied.

60.  Denied.

## COUNT THREE

61.  Defendant reiterates its responses as set forth hereinabove in Paragraphs 1 through 60 of the Complaint.

62.  Neither admitted nor denied.

63.  Denied.

## AFFIRMATIVE DEFENSES

1.  Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.  Plaintiff by its conduct initially and over some forty-seven subsequent years consented to the election scheme and process provided in the District Agreement and has waived any objection thereto.

3.  Plaintiff by its acceptance of and joinder in the District Agreement, and by its acceptance of the participation by other member municipalities in it and their commitments to its provisions and reliance upon it, is estopped from asserting any objections to the provisions of the District Agreement relative to election of members to the School Committee.

## RELIEF

WHEREFORE, Defendant, The Town of Dunstable, denies that Plaintiff is entitle to relief upon the Complaint and respectfully prays as follows:

1.  That the Complaint be dismissed.

2.  In the alternative, that the Court issue an order that the District Agreement be amended to provide for a School Committee election system in accordance with M.G.L. c. 71, §14E, subsections (1) or (4), in order that Defendant may be assured of representation on the Committee by at least one member who is a resident of the Town elected by the voters of the Town.

## COUNTERCLAIM OF THE TOWN OF DUNSTABLE

1.  Defendant/Plaintiff-in-counterclaim hereby incorporates the allegations of Paragraphs 10 through 12 of the Complaint.

2.  In creating the District Agreement, the constituent members were well aware of the relative population densities among all of them.

3.  Defendant/Plaintiff-in-counterclaim states that the Agreement entered into by the constituent members pursuant to the enabling act, and specifically the system it provided

for election of School Committee members, had *inter alia* the specific purpose of providing reasonable protection to those members substantially smaller than the City of Lowell, viz., Dracut, Tyngsborough and Dunstable, from being overwhelmed and essentially nullified by the sheer size of District member Lowell.

4.      The provisions of the District Agreement relative to election of School Committee members ensure that each District member that may be assured of representation on the Committee by at least one member who is a resident of the town or city, elected by the voters of that municipality.

5.      A mechanism for electing School Committee members by a district-wide election creates the real risk of filling the Committee with members essentially elected by the voters of the largest constituent member, thus depriving the smaller members, and particularly the smallest member, Dunstable, of important protections envisioned and built into the enabling act and the Agreement of 1967.

WHEREFORE, Defendant/Plaintiff-in-counterclaim Dunstable respectfully prays as follows:

1.      In the event the Court finds the present election scheme to be unlawful, issue an order that the District Agreement be amended to provide for a School Committee election system in accordance with M.G.L. c. 71, §14E, subsections (1) or (4), in order that Defendant may be assured of representation on the Committee by at least one member who is a resident of the Town elected by the voters of the Town.

2.      Award costs of defense of this action to Defendant/Plaintiff-in-counterclaim including reasonable attorney's fees.

3.      Grant such further relief as justice and equity require.


TOWN OF DUNSTABLE,

By its Attorney,

_____
Richard W. Larkin
BBO # 287040
Bowmar & Larkin
15 Washington Street
P. O. Box 40
Ayer, MA 01432
Tel. No. 978-772-3588
Fax No. 978-772-5177
Email: rwlarkin@aol.com

CERTIFICATE OF SERVICE

I, Richard W. Larkin, Counsel for the Town of Dunstable, hereby certify that on July 30, 2014, I served the within ANSWER OF THE TOWN OF DUNSTABLE upon counsel for the Plaintiff, City of Lowell, by mailing a true and correct copy thereof by first class mail postage prepaid to:

>Christine P. O'Connor, Esq., City Solicitor
>Elliott J. Veloso, Esq., Assistant City Solicitor
>City of Lowell Law Department
>375 Merrimack Street, 3rd Fl.
>Lowell, MA 01852-5909

And further, that I served said Answer on additional parties Defendants by mailing a true and correct copy thereof to their legal counsel as follows:

>Michael T. Long, Esq.
>Kelly T. Gonzales, Esq.
>(Long & DiPietro LLP)
>Counsel for Greater Lowell Technical High School
>175 Derby Street, Unit 17
>Hingham, MA 02043

>Charles J. Zaroulis, Esq.
>Tyngsborough Town Counsel
>1565 Main Street
>Building 1, Suite 1F
>Tewksbury, MA 01876

>James A. Hall, Esq.
>(Qua, Hall, Harvey & Walsh)
>Dracut Town Counsel
>25 Fletcher Street
>Chelmsford, MA 01824

Dated: July 30, 2014

Richard W. Larkin