UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 1:14-CV-12664-IT

|  |  |
|---|---|
| **CITY OF LOWELL,** <br>     Plaintiff <br><br> V. <br><br> **GREATER LOWELL TECHNICAL HIGH SCHOOL, TOWN OF DRACUT, TOWN OF TYNGSBOROUGH, AND TOWN OF DUNSTABLE,** <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF/DEFENDANT IN COUNTERCLAIM, CITY OF LOWELL'S ANSWER TO DEFENDANT, TOWN OF DUNSTABLE'S, COUNTERCLAIM**

Plaintiff/Defendant-in-Counterclaim City of Lowell ("LOWELL") answers Defendant/Plaintiff-in-Counterclaim, Town of Dunstable's ("DUNSTABLE") Counterclaim as follows:

**COUNTERCLAIMS OF DUNSTABLE**

1. Paragraph 1 of Dunstable's Counterclaim realleges and incorporates by reference Paragraphs 10 – 12 of Lowell's Complaint, to which no response is required.

2. Lowell admits the allegations set forth in Paragraph 2 of Dunstable's counterclaim only to the extent that Chapter 94, Section 3(a) of the 1967 Acts of Massachusetts authorized the municipalities of Lowell, Dracut, Dunstable, Tyngsborough, and Pepperell to create a special regional vocational school district planning board for the purposes of establishing a regional vocational school district; that this planning board, on May 11, 1967, established the Greater Lowell Technical High School ("GLTHS") by executing the Agreement with Respect to the Establishment of a Vocational Regional School District

(the "Agreement"); and that the member municipalities had different populations during the formation of the GLTHS. Lowell denies any and all other allegations set forth in Paragraph 2 of Dunstable's counterclaim.

3. Lowell admits the allegations set forth in Paragraph 3 of Dunstable's counterclaim only to the extent that the Agreement set the number of board members each municipality would have on the GLTHS School Committee on the basis of population; that the population of a municipality would be based on the federal census; that 15,000 residents would entitle a municipality to one representative; that each municipality was entitled to at least one representative, regardless of population; and that Lowell's representation on the GLTHS School Committee could only equal to the total number of representatives of the other member municipalities, regardless of population. Lowell denies any and all other allegations set forth in Paragraph 3 of Dunstable's counterclaim.

4. Lowell admits the allegations set forth in Paragraph 4 of Dunstable's counterclaim only to the extent that under the Agreement representatives to the GLTHS School Committee must be residents of their respective municipality; and that representatives were elected to the GLTHS School Committee during certain municipal elections per the terms of the Agreement. Lowell denies any and all other allegations set forth in Paragraph 4 of Dunstable's counterclaim.

5. Lowell denies Paragraph 5 of Dunstable's counterclaim.

WHEREFORE Plaintiff/Defendant-in-Counterclaim, Lowell requests that this Honorable Court dismiss with prejudice Dunstable's counterclaim, deny Dunstable's requests for relief, enter judgment in favor of Lowell, award costs of defense of this action to Plaintiff/Defendant-in-

Counterclaim Lowell, including reasonable attorney's fees, and award Lowell such other and further relief as this Court deems meet and just.

### THE PLAINTIFF/DEFENDANT-IN-COUNTERCLAIM CITY OF LOWELL REQUESTS A TRIAL ON ALL CLAIMS, COUNTERCLAIMS, AND COUNTS.

### FIRST AFFIRMATIVE DEFENSE

And further answering, Lowell says that Dunstable has failed to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

And further answering, Lowell says that Dunstable have not demonstrated a likelihood that they would prevail on the merits of the case at trial.

### THIRD AFFIRMATIVE DEFENSE

And further answering, Lowell says that the present electoral scheme for the GLTHS School Committee, as established by the Agreement, is unconstitutional pursuant to the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and Articles VIII and IX of the Declaration of Rights of the Massachusetts Constitution.

### FOURTH AFFIRMATIVE DEFENSE

And further answering, Lowell says that electing members to the GLTHS School Committee with residency requirements in district-wide elections to be held at biennial state elections, pursuant to M.G.L. c.71, §14E, upholds the principles of the Agreement by permitting residents to directly elect the members of the school committee.

### FIFTH AFFIRMATIVE DEFENSE

And further answering, Lowell says that electing members to the GLTHS School Committee with residency requirements in district-wide elections to be held at the biennial state elections, pursuant to M.G.L. c.71, §14E, upholds the principles of the Agreement by

maintaining residency requirements for positions on the school committee, ensuring each municipality is represented by at least one resident.

### SIXTH AFFIRMATIVE DEFENSE

And further answering, Lowell says that the granting of Dunstable's request for relief would adversely affect the public interest.

### SEVENTH AFFIRMATIVE DEFENSE

And further answering, Lowell says that the prior motivations of the municipalities in approving the electoral scheme of the Agreement are irrelevant, as the electoral scheme as presently constituted is unconstitutional.

### EIGHTH AFFIRMATIVE DEFENSE

And further answering, Lowell says that, in seeking to correct the constitutional issues present in the GLTHS School Committee's current electoral scheme, it has acted in a reasonable manner.

### NINTH AFFIRMATIVE DEFENSE

And further answering, Lowell says that it has not acted in a manner that is arbitrary, capricious, or an abuse of discretion.

### TENTH AFFIRMATIVE DEFENSE

And further answering, Lowell says that its conduct is not in excess of its jurisdiction as permitted under Massachusetts state law.

### ELEVENTH AFFIRMATIVE DEFENSE

And further answering, Lowell says that Dunstable's alleged damages, if any, are not ones for which Lowell is legally liable.

Date: September 24, 2014                    CITY OF LOWELL, PLAINTIFF/DEFENDANT IN COUNTERCLAIM

/s Christine P. O'Connor
Christine P. O'Connor, City Solicitor
BBO # 567645
Elliott J. Veloso, Assistant City Solicitor
BBO # 677292
City of Lowell Law Department
375 Merrimack Street, 3rd Fl.
Lowell MA 01852-5909
Tel: 978-674-4050
Fax: 978-453-1510
co'connor@lowellma.gov
eveloso@lowellma.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was filed through the Electronic Case Filing System for filing and electronic service to the registered participants as identified on the Notice of Electronic Filing on September 24, 2014.

/s Christine P. O'Connor
Christine P. O'Connor, City Solicitor